HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MAUREEN MCCLAIN,

    Plaintiff,

v.

THE CITY OF TACOMA, a municipal corporation in Washington State,

    Defendant.

Case No. C06-5016RBL

ORDER

THIS MATTER comes on before the Court on Defendant's Motions for Costs [Dkt. #31] and for Attorney's Fees pursuant to 42 U.S.C. §1988 [Dkt. #34]. The Court has considered the motions, affidavits in support, plaintiff's opposition thereto, and the entirety of the record and file herein. For the reasons stated, the Court hereby **GRANTS** defendant's motions.

In 1998 Marueen McClain filed complaints with the Tacoma Police Department alleging that her then-husband, Greg Meyer (at the time a Tacoma Police Officer), committed acts of domestic violence against her. The Department conducted an Internal Affairs investigation and determined that sufficient evidence existed to sustain two of Ms. McClain's allegations. The Department began the process to terminate Meyer, and after his *Loudermill* hearing, but before his termination could be finalized, Meyer resigned. The City processed the resignation as "not in good standing."

In 2005 plaintiff commenced this lawsuit claiming that her constitutional rights were violated by the City's handling of her complaints. She based this argument on the fact that the letter she received from the

Chief of Police did not advise her that only two of her three allegations of domestic violence were sustained, and the fact that Meyer was not terminated but was allowed to resign.[1] After hearing oral argument on defendant's motions for summary judgment [Dkt. #'s 18, 19 and 20] on August 29, 2007, this Court entered a written Order [Dkt. #29] denying the City's motion for summary judgment as to the statute of limitations, but granting the City's motions on substantive grounds as to plaintiff's claims under federal and state law. The Court ruled that plaintiff's claims were unsupported by facts or law and dismissed this action. [*Id.*]

Defendant, City of Tacoma, now seeks reasonable costs and attorney's fees under 42 U.S.C. §1988(b). The statute provides:

> In any action or proceeding to enforce a provision of [42 U.S.C. §§1981-85 . . .], the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs[] . . ..

Attorney's fees are available to a prevailing defendant under §1988 if this Court finds "that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Hughes v. Rowe*, 449 U.S. 5, 14 (1980); quoting *Christiansburg Garmet Co. v. EEOC*, 434 U.S. 412, 421 (1978)(Title VII case); see also *Patton v. County of Kings*, 857 F.2d 1379, 1381 (9th Cir. 1988). As a protection against plaintiff's being routinely assessed their opponents' fees, the Court ruled "[t]he plaintiff's action must be meritless in the sense that it is groundless or without foundation. The fact that a plaintiff may ultimately lose his case is not in itself a sufficient justification for the assessment of fees." *Hughes v. Rowe*, 449 U.S., at 15.

Here, as set forth more fully in this Court's Order granting two of defendant's motions for summary judgment [Dkt. #29], plaintiff's claims were groundless and without foundation. Based upon a letter from the Chief of Police that indicated her allegations had merit and the ultimate resignation in lieu of termination of her then-husband from the Police Department, plaintiff concocted theories of conspiracy and violations of equal protection that simply were unsupported by the facts or in the law. Therefore, defendant has met the standard for an award of attorney's fees and costs under §1988.

---

[1] See this Court's Order on defendant's motions for summary judgment for a more detailed recitation of the facts. [Dkt. #29]

The City seeks $4,850.00 in fees and $642.75 in costs. The fee request is based on 24.25 hours expended multiplied by counsel's rate of $200 per hour (the "Lodestar").[2] The Lodestar may then be adjusted by the twelve factors set forth in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975), *cert. denied*, 425 U.S. 951 (1976). The Court should also consider the financial resources of the plaintiff in awarding fees to a prevailing defendant. *Patton*, 857 F.2d at 1382.

In determining the reasonable fee in this case, the Court has considered the *Kerr* factors and considers the hourly rate charged by defendant's counsel to be eminently reasonable. However, in taking account of the other *Kerr* factors and plaintiff's situation, the Court finds $1,000.00 to be a reasonable fee. The Court will also tax reasonable costs in the amount requested by defendant, $250.00 (filing fee) and $392.75 (cost of deposition of plaintiff), for a total of taxed costs of $642.75.

Defendant shall be awarded attorney's fees and costs in the total amount of $1,642.75.

**IT IS SO ORDERED.**

Dated this 11th day of October, 2007.

_____
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE

---

[2] See *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Jordan v. Multnomah County*, 815 F.2d 1258, 1262 (9th Cir. 1987).